**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| GLORIA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-286 |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA and | ) | |
| DR. KENNEDY OKERE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Gloria Smith filed this medical malpractice action against the United States and Dr. Kennedy Okere alleging that Dr. Okere, while treating Smith at Curtis V. Cooper Primary Health Center ("CVC"), prescribed her medicine to which she is allergic. Doc. 14 at 3. The United States has moved to "substitute the United States as the sole party in this action and remove Defendant Kennedy Okere." Doc. 17 at 1. The Plaintiff opposes the motion. Doc. 22.

The Federal Tort Claims Act (FTCA) provides the exclusive remedy for claims against the United States for the tortious or negligent conduct of its employees. 28 U.S.C. §§ 1346(b)(1), 2679(b). " 'When a federal employee is sued for a wrongful or negligent act, the Federal Employees

Liability Reform and Tort Compensation Act of 1988 (commonly called the Westfall Act) empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose.' " *Seneca v. United South And Eastern Tribes*, 318 Fed. App'x 741, 744 (11th Cir. 2008) (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-420 (1995)). "After certification, the named defendant employee is dismissed from the action and the United States is substituted as the defendant; the case is then governed by the FTCA." *Id.*; *see also Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) ("Under 28 U.S.C. § 2679(d)(1), upon the Attorney General's certification of scope of employment, the pending action 'shall be deemed an action against the United States…,and the United States shall be substituted as the party defendant.' "). The Attorney General has delegated certification responsibility to the U.S. Attorneys. *See* 28 C.F.R. § 15.4.

"The [Federally Supported Health Centers Assistance Act of 1995 (FSHCAA)] makes the remedy provided against the United States under the FTCA the exclusive remedy for the medical malpractice of employees or contractors of [the Public Health Service (PHS)]." *Allen v.*

*Christenberry*, 327 F.3d 1290, 1294 (11th Cir. 2003); *see also* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct."). "In order to be covered under the FTCA, an entity, an employee of the entity, or a contractor of the entity seeking coverage must be deemed an employee of PHS." *Allen*, 327 F.3d at 1294 (citing 42 U.S.C. § 233(g)(1)(A)).

Smith has alleged, and the United States agrees, that CVC is deemed by the Secretary of Health and Human Services to be an employee of the Public Health Service. *Compare* doc. 14 at 1, para. 2 *with* doc. 21 at 2, para. 2.  HHS also agrees.  *See* doc. 9-1 at 2.  The parties disagree, however, as to whether Dr. Okere is deemed an employee under the FSHCAA and thus afforded protection by the FTCA.  The United States Attorney for the Southern District of Georgia has certified that, at the time of the underlying incident, Dr. Okere was acting within the scope of federal office or employment.  Doc. 17-1 at 2.  While this certification does not conclusively establish as correct the substitution of

3

the United States as defendant, *Gutierrez de Martinez*, 515 U.S. at 434, it is *prima facie* evidence that Dr. Okere was acting within the scope of his employment with CVC, and that the action should be deemed an action against the United States. *See Flohr*, 84 F.3d at 390. The burden is on the Plaintiff to prove that Dr. Okere was acting outside the scope of federal employment. *Id.*

All that Plaintiff has offered to rebut the United States' assertion that Dr. Okere is subject to the protections of the FTCA is a conclusory allegation that "Dr. Okere was an independent contractor, not an employee of the Government or the Public Health Service." Doc. 22 at 2 (citing to an allegation in Plaintiff's Amended Complaint). Plaintiff offers no evidence to support this allegation. Moreover, HHS records directly contradict Plaintiff's allegations, showing that "Dr. Okere was an employee of Curtis V. Cooper Primary Health Center, Inc., at the time he provided treatment to Gloria Smith in 2018 and at all times relevant to the Plaintiff's Complaint in this matter." Doc. 9-1 at 3. In any event, even if Plaintiff is correct, and Dr. Okere is an independent contractor, Plaintiff's claims against him would still be subject to the provisions of

the FTCA.  *See* 42 U.S.C. § 233(g)(1)(A) (deeming physician contractors of covered entities to be employees of the Public Health Service).

Because Defendant Dr. Okere has been deemed an employee of the Public Health Service, Plaintiff's claims against him are subject to the FTCA.  For that reason, the United States' Motion to Substitute Party Defendant should be **GRANTED**.  Doc. 17.  The United States should be substituted as the sole defendant pursuant to 28 U.S.C. § 2679(d)(1), and defendant Dr. Kennedy Okere should be **DISMISSED**.

The United States filed a Motion to Stay pending resolution of its Motion to Dismiss, which this court terminated as moot since it was superseded by the instant Motion to Substitute.  Doc. 24.  The Motion to Stay is, therefore, **DENIED** as moot.  Doc. 10.  However, the Court understands that the parties may need to modify their Rule 26(f) Report. Therefore, the Court will **STAY** all pending deadlines for fourteen days to permit the parties to confer.  The parties are **DIRECTED** to submit a revised Rule 26(f) Report within fourteen days from the date of this

Order.  The Clerk is **DIRECTED** to administratively terminate the parties' original Rule 26(f) Report.  Doc. 13.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).


      **SO ORDERED AND REPORTED AND RECOMMENDED,** this
22nd day of June, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7