IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GLORIA SMITH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: 4:20-cv-286

**O R D E R**

The Magistrate Judge granted Defendant's Motion to Exclude Plaintiff's expert Dr. James Cornwell from offering any opinion as to causation in this medical malpractice case.  (Doc. 49, pp. 5-23.)  Based on that exclusion, the Magistrate Judge also recommended that the Defendant's Motion for Summary Judgment be granted.  (Doc. 50, pp. 23-31.)[1]  Plaintiff objects to the Order excluding her expert's causation testimony and to the recommended disposition of Defendant's Motion for Summary Judgment.  (Doc. 54.)  Defendant has responded.  (Doc. 56.)  For the following reasons, Plaintiff's objections are **OVERRULED**.[2]

---

[1] Although the Clerk docketed the Magistrate Judge's Order, (doc. 49), and Report and Recommendation, (doc. 50), separately, the document is the same.  For consistency, the Court cites to docket entry 49 when discussing the Magistrate Judge's Order and docket entry 50 when discussing the Report and Recommendation.

[2] Plaintiff filed a notice of intent to reply to the Defendant's response to her objections.  (Doc. 57.)  While this Court's Local Rule 7.6 permits a party to file a reply brief within fourteen days of service of the opposing party's last brief, "the Court retains the discretion to issue its order prior to filing of the reply."  Brown v. Chertoff, 2008 WL 5190638, at *1 n.2 (S.D. Ga. Dec. 10, 2008); see also S.D. Ga. L. Civ. R. 7.6.  "Once the initial round of briefs have been filed, subsequent replies run the risk of 'sudden death.'"  Id.  The Court, having considered the parties' original briefing, the Magistrate Judge's Order and Report and Recommendation, the Plaintiff's objection, and the Defendant's response, finds that the record is sufficient for it to issue its Order.

I.  **STANDARD OF REVIEW**

The parties dispute the appropriate standard of review for the Magistrate Judge's Order excluding portions of Dr. Cornwell's testimony.  (Compare doc. 54, pp. 6-8 with doc. 56, pp. 3-8.)  Plaintiff urges the Court to review both the Magistrate Judge's Order and the R&R de novo.  (Doc. 54, pp. 6-8.)  Defendant responds that while de novo review is appropriate for the Magistrate Judge's recommended disposition of its Motion for Summary Judgment, the more deferential clearly-erroneous standard applies to the Order on its Motion to Exclude.  (Doc. 56, pp. 3-8.)

The parties are correct that, based on Plaintiff's objections, the de novo standard of review is applicable to the recommended disposition of the Motion for Summary Judgment.  Both the statute governing referral of pretrial matters to magistrate judges and the corresponding Federal Rules require a de novo determination of enumerated types of motions, see 28 U.S.C. § 636(b)(1)(A), and "pretrial matter[s] dispositive of a claim or defense," Fed. R. Civ. P. 72(b)(1), (3), to which a party has objected.  As the Eleventh Circuit has explained, "[t]he district court must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made."  Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016) (citing 28 U.S.C. § 636(b)).  After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

The Magistrate Judge's Order on the Motion to Exclude, however, is subject to the more deferential clearly erroneous standard of review.  The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment

> on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). The Federal Rules establish clearly-erroneous or contrary-to-law review for non-dispositive matters. See Fed. R. Civ. P. 72(a); S.D. Ga. L. Civ. R. 72.2. However, as discussed above, where the matter is dispositive the district court must review any objected-to portion of the ruling de novo. Jordan v. Comm'r, Miss. Dep't of Corr., 947 F.3d 1322, 1327 (11th Cir. 2020).

Plaintiff argues, "[b]ecause the exclusion of [her] expert causation testimony is, in essence, dispositive of the case" it should not be reviewed under 28 U.S.C. § 636(b)(1)(A) but should instead be reviewed de novo. (Doc. 54, p. 7.) This argument has been considered, and rejected, by this Court and others. In Stewart v. Johnson, this Court explained that a "motion to exclude was plainly a non-dispositive pretrial evidentiary motion," even where it will have some effect on the outcome of the matter. 2021 WL 6752312, at *1 (Aug. 10, 2021). The Southern District of Florida recently addressed the issue, too, noting that "rulings on the admissibility of evidence at trial (including expert testimony) are non-dispositive matters." Banuchi v. City of Homestead, --- F. Supp. 3d. ---, 2022 WL 2065049, at *1 n.1 (S.D. Fla. June 8, 2022) (citing Villafana v. Auto-Owners Ins., 2007 WL 1810513, at *1 (S.D. Ala. June 22, 2007) (stating that "the weight of authority holds that a magistrate judge's order that excludes a plaintiff's expert from testifying is not a dispositive ruling"); Bennie v. Compaq Computer Corp., 2002 WL 34714567, at *1 (S.D. Fla. Oct. 21, 2002) (issuing an order on a motion to exclude expert testimony because "[a] Magistrate Judge may enter an order, as opposed to a report and recommendation, regarding a

motion in limine that is based on Federal Rule of Civil Procedure 702 and Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)").

Accordingly, the Magistrate Judge's Order is subject to the clearly erroneous or contrary to law standard, rather than de novo, as Plaintiff urges. When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

## II. ANALYSIS

Plaintiff challenges the Magistrate Judge's exclusion of Dr. James Cornwell's expert testimony, characterizing that challenge as the "issue central" to her objection. (Doc. 54, p. 10.) She argues that the Magistrate Judge erred in determining that Dr. Cornwell was not qualified to render his causation opinion, and in determining that his causation opinion was not reliable. (Id., pp. 12-20.) Plaintiff has not identified any portion of the Magistrate Judge's Order that is clearly erroneous. (See generally doc. 54.) Additionally, though Plaintiff is incorrect about the applicable standard of review, de novo review does not change the outcome. The Court, in conducting its review of the Report and Recommendation, has also considered the entire record as it relates to Defendant's Motion to Exclude. Even under the less deferential standard, the Magistrate Judge's Order is affirmed.

As to Dr. Cornwell's qualifications, Plaintiff contends that the Magistrate Judge "overstate[d] the extent of Dr. Cornwell's reliance on medical literature and ignore[d] his practical experience in treating patients." (Doc. 54, p. 14.) However, a review of the Magistrate Judge's analysis shows that he considered Dr. Cornwell's twenty years of experience as a licensed family-practice physician, including his work with patients who have experienced angioedema due to allergies from ACE inhibitors. (Doc. 48, p. 13-14.) However, as the Magistrate Judge explained, this experience falls short of the relevant experience required to opine on the etiology of Plaintiff's angioedema. (Id.) Plaintiff's references to Dr. Cornwell's "knowledge" and "experience" are not enough. (Doc. 54, pp. 14-15.) She must explain how his knowledge and experience are aligned with the subject matter of his testimony – the cause of her angioedema. (Doc. 49, p. 13 (citing Thompson v. United States, 2019 WL 149553, at *4 (S.D. Ga. Jan. 9, 2019)). Dr. Cornwell is undoubtedly qualified to diagnose and treat Plaintiff's angioedema, and the Magistrate Judge recognized as much. (Doc. 49, p. 14.) However, the pertinent question is whether he is qualified to opine as to the cause of Plaintiff's angioedema. Thompson, 2019 WL 149553, at *5. Plaintiff bears the burden of demonstrating that he is so qualified. Rink v. Cheminova, Inc., 400 F.3d 1286, 1292 (11th Cir. 2005). Her submissions offer no connection between Dr. Cornwell's experience and his causation opinion in this case. (See doc. 33, pp. 5-10; doc. 38-1; doc. 43, pp. 4-7.) Her objection refers to his "practical experience in treating patients," but does not explain how that experience qualifies him to opine that the lisinopril caused her angioedema. (Doc. 54, pp. 13-15.) She has not carried her burden, and for that reason alone the Magistrate Judge's Order must be **AFFIRMED**. (Doc. 49.); see McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002) (noting that the burden of laying the proper foundation for expert testimony is on the party offering the expert).

Plaintiff also argues that contrary to the Magistrate Judge's decision, Dr. Cornwell's causation opinion is reliable. (Doc. 54, pp. 15-20.) As she points out, she has the burden of proving reliability by a preponderance of the evidence. (Id., p. 15-16, citing Allison v. McGhan Med. Corp., 184 F.3d 1300, 1312 (11th Cir. 1999).) She frames Dr. Cornwell's methodology as reviewing "Ms. Smith's CVC medical records, the records from her hospitalization in April of 2019, the CVS pharmacy records, Dr. Okere's deposition, depositions of other CVC medical personnel, as well as publications." (Id., p. 16.) The Magistrate Judge considered Dr. Cornwell's methodology and observed, correctly, that "[i]dentifying lisinopril as a potential cause of Plaintiff's angioedema and suggesting that her angioedema was therefore caused by her ingestion of the medication based on the order in which the events occurred, is not sufficient." (Doc. 49, p. 18.)

Plaintiff urges the Court to discount the Magistrate Judge's analysis, arguing that Dr. Cornwell relies not solely on the temporal relationship between the events, but also on "the proven and accepted connection between ingestion of the drug and the angioedema in patients allergic to the drug." (Doc. 54, pp. 18-19.) However, this argument ignores Eleventh Circuit precedent, cited in the Order, that requires more. (See doc. 49, pp. 22-23, citing McClain v. Metabolife Intern., Inc., 401 F.3d 1233, 1243 (11th Cir. 2005) ("A reliable methodology should take into account the background risk . . . the risk a plaintiff and other members of the general public have of suffering the disease or injury that plaintiff alleges *without* exposure to the drug of chemical in question.") and Williams v. Mosaic Fertilizer, LLC, 889 F.3d 1239, 1250 (11th Cir. 2018) (failure to meaningfully address other potential causes of plaintiff's conditions or even the background risk of those conditions was a "fundamental methodological failure.").)

Plaintiff cites to a Third Circuit case to support her argument that Dr. Cornwell did not need to consider possible alternative causes to her angioedema. (Doc. 54, pp. 19-20, citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 760 (3rd Cir. 1994).) In that case, the Third Circuit discussed the sufficiency of various diagnostic techniques to satisfy the reliability prong of the analysis. 35 F.3d at 759-60. In doing so, the Court recognized that "all of the experts agree that at the core of differential diagnosis is a requirement that experts at least consider alternative causes—this almost has to be true of any technique that tries to find a cause of something." Id. at 759 (emphasis added). There is nothing to indicate that Dr. Cornwell considered any alternative cause of Plaintiff's angioedema, rendering his opinion unreliable. For this reason, too, the Magistrate Judge's Order must be **AFFIRMED**. (Doc. 49.)

Based on the exclusion of Dr. Cornwell's causation opinion, the Magistrate Judge recommends granting the Defendant's Motion for Summary Judgment. (Doc. 50.) Plaintiff's objection to the R&R relies entirely on her argument that Dr. Cornwell should not be precluded from offering his expert testimony. (Doc. 54, pp. 20-21.) She contends that if his testimony is allowed, then she has presented evidence of a triable issue of fact as to causation. (Id., p. 20.) Because her arguments as to Dr. Cornwell's testimony fail, so too does her argument against granting summary judgment. Plaintiff does not object to the Magistrate Judge's recitation of the applicable Georgia law requiring expert testimony to establish proximate cause in medical malpractice cases. (See doc. 50, p. 27.) A review of that case law, along with the record in this case, confirms the R&Rs recommended disposition. Proximate cause in a medical negligence case in Georgia requires expert testimony, and the United States has discharged its burden on its motion by showing that, without Dr. Cornwell's testimony, the Plaintiff cannot prove proximate

7

causation at trial. (Doc. 50, pp. 30-31.) The Report and Recommendation is **ADOPTED**, (doc. 50), and Defendant's Motion for Summary Judgment is **GRANTED**, (doc. 35.)

### III.   CONCLUSION

Accordingly, the Court **OVERRULES** plaintiff's objections, (doc. 54), **AFFIRMS** the Magistrate Judge's Order, (doc. 49), and **ADOPTS** the Report and Recommendation as its opinion, (doc. 50). The Defendants' Motion for Summary Judgment is **GRANTED**. (Doc. 35.) The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 29th day of September, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA